UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERNEST OATMAN,

                                        Plaintiff,

            v.                                              5:05-CV-731
                                                            (NAM/GJD)

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

ERNEST OATMAN, Pro Se
WILLIAM H. PEASE, ESQ., Asst. U.S. Attorney for Defendant

GUSTAVE J. DIBIANCO, Magistrate Judge

## REPORT AND RECOMMENDATION

This matter was referred to me for Report and Recommendation by the

Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28

U.S.C. § 636(b) and Local Rule 72.3(d).  This case has proceeded in accordance

with General Order 18.

## PROCEDURAL HISTORY

**A.      Proceedings at the Administrative Level**

Plaintiff protectively filed an application for supplemental security income

("SSI") on April 27, 1988, alleging disability as of 1967.  (Administrative

Transcript ("T") at 261-64).  The application was denied initially on June 28,

1

1988, and Plaintiff took no action.  (T. 209, 213-15).  Because Plaintiff was a member of the *Stieberger v. Sullivan*[1] class action settlement, his application was reconsidered on August 28, 2001, and denied.  (T. 241-42).  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 14, 2003.  (T. 243, 342-90).  By decision dated February 3, 2003, the ALJ issued a decision which found that Plaintiff was disabled as of December 1, 1987.  (T. 202-08).  This decision became the final decision of the Commissioner on April 18, 2005, when the Appeals Council denied Plaintiff's request for review.  (T. 187-89).  This denial explained that Plaintiff's request for review was being denied because the ALJ's decision was *fully favorable to Plaintiff and Plaintiff was not entitled to any further benefits*.  (T. 188).  This action followed.

**B.    Subsequent Proceedings; Plaintiff's Communications to the District Court**

Subsequent to filing his complaint, Plaintiff has submitted many letters to the District Court.  (Dkt. Nos. 9, 14, 17-20, 22).  In these letters Plaintiff makes various arguments to the Court, which will be summarized below under the heading "Contentions."

On May 29, 2007, Paul Fabian, a technical expert in the Social Security

---

[1] 792 F. Supp. 1376 (S.D.N.Y. 1992), *modified by* 801 F. Supp. 1079 (S.D.N.Y. 1992).

2

field office in Syracuse, New York, met with Plaintiff and determined that he was entitled to SSI benefits from March 1982, when his SSI benefits were originally terminated, through October 1992, when he became eligible for retirement benefits.  (Declaration of Paul Fabian, Dkt. No. 19 at 3-5).  As a result of this determination, the Social Security Administration ("SSA") determined that Plaintiff was entitled to $25,073.58 of past due SSI benefits, and Plaintiff ***accepted this determination as full satisfaction of his SSI claim***.  ("Statement of Claimant or Other Person," Dkt. No. 19 at 3-5).  Plaintiff stated that he was receiving "a monthly VA pension of $197.00 per month prior to 3/82 to the present."  Plaintiff further stated that he was also receiving "a monthly Social Security check from late 1992 to the present . . ."  (Dkt. No. 19 at 3-5).  It was noted that Plaintiff stated he reserved his right to "continue his appeal for disability insurance benefits."  (Dkt. No. 19 at 3).

Following this settlement, Defendant moved on June 13, 2007, that the case be dismissed as moot and submitted a letter brief in support of that motion.  (Dkt. No. 19 at 1-2).  Because of plaintiff's numerous letters to the court, a hearing was held on August 23, 2007 to clarify Plaintiff's requests and the parties' positions with regard to this motion.

## CONTENTIONS

The Court has reviewed Plaintiff's correspondence, which consists of letters dated July 2005, January and June 2006, and February, June, and August 2007. (Dkt. Nos. 9, 14, 17, 18, 19, 20, 22).  In this correspondence Plaintiff seems to make two legal arguments:

(1) The Court must consider whether to award benefits for the period from 1967 through 1978 and for the period from 1992 through 1995 (Dkt. Nos. 20, 21); and

(2) While the issue of SSI has been resolved, the issue of disability insurance benefits ("DIB") remains to be decided.  (Dkt. No. 21).

The defendant argues that the Commissioner's decision was fully favorable and, therefore, the case is moot and should be dismissed.  (Dkt. Nos. 10, 19). Defendant also argues that the issue of DIB is not before the Court, as SSI was the only issue to be considered below.  (Dkt. Nos. 10, 19).

## DISCUSSION

1. <u>**Scope of Review**</u>

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal

4

standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988)(citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 197 U.S. 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *William*s, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the

5

administrative record for that of the Commissioner if the record contains

substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773,

775 (4th Cir. 1972).  *See also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.

1982), *cert. denied*, 459 U.S. 1212 (1983).

**2.    Time Periods Under Review**

Plaintiff argues that the Court must consider whether to award benefits for

the period from 1967 through 1978 and for the period from 1992 through 1995.

(Dkt. Nos. 20, 21).  The ALJ's decision found that Plaintiff was disabled as of

December 1, 1987, and that the disability continued through at least the date of the

decision, February 3, 2003.  (T. 207).  Plaintiff's application for SSI was dated

April 27, 1988.  (T. 261-64).

SSI benefits may not be paid for any period that precedes the first month

following the date on which an application is filed.  42 U.S.C. § 1382(c)(7); 20

C.F.R. §§ 416.501, 416.335.  Therefore, Plaintiff is not entitled to be paid benefits

prior to May of 1988, the first month following the date on which his application

was filed.  Thus, he is ***not*** entitled to benefits for the period from 1967 through

1978 as he argues.

Plaintiff's next argument that he should be awarded benefits for the period

from 1992 through 1995 is moot, as the ALJ's decision determined that he was

disabled through at least February 3, 2003.  Moreover, Plaintiff has accepted a

settlement of $25,073.58 ***in full satisfaction of his SSI claim, which renders any***

***argument for further SSI benefits moot***.  *See Donnelly v. Barnhart*, 2003 WL

22715067, *1 (2d Cir. 2003) (citing *Russman v. Bd. of Educ.*, 260 F.3d 114, 118-

19 (2d Cir. 2001); Dkt. No. 19 at 3-5.  Thus, the Court recommends that this claim

be dismissed.

**3.      Disability Insurance Benefits**

In order to be eligible for DIB, a plaintiff must be "insured for disability

insurance benefits."  *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42

U.S.C. §§ 423(a)(1)(A), 423(c)(1)).  This occurs if the plaintiff meets the earnings

requirements, with a specific number of quarters of coverage depending on the

applicant's age, or qualifies for a period of disability.  42 U.S.C. §§ 423(c)(1)(B),

416(i)(2)(A); 20 C.F.R. §§ 404.101(a), 404.130-404.133, 404.320.  A period of

disability must commence before the date that the applicant's insured status lapses.

20 C.F.R. § 404.320(b)(2); *see Arnone*, 882 F.2d at 38.

Plaintiff argues that the Court should consider whether he is eligible for

DIB under the current application.  However, the application of April 27, 1988

was for SSI, and only SSI was considered at the hearing level.  (T. 261-64, 202-

08).  As such, there is no DIB claim before the Court for review.  *See* 42 U.S.C. §

405(g).  Moreover, the record establishes that Plaintiff has not engaged in substantial gainful activity, and ***has had no earnings***, ***since 1967.***  (T. 265, 349-50).  Thus, regardless of whether a DIB claim was before the Court, Plaintiff would not meet the insured status requirements allowing an award of DIB.  *See Arnone*, 882 F.2d at 38.  The Court therefore recommends that this claim be dismissed.

 **WHEREFORE**, it is hereby

 **RECOMMENDED**, that this case be **DISMISSED** as moot**;** and it is further

 **ORDERED,** that the Clerk of the Court serve a copy of this Report-Recommendation  upon the parties to this action.

 Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 23, 2008

_____

Hon. Gustave J. DiBianco
U.S. Magistrate Judge

8